IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON PASKEWITZ, | NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| VOLUNTEERS OF AMERICA WESTERN WASHINGTON, a Washington nonprofit corporation; and PHIL SMITH and JANE DOE SMITH, and the marital community comprised thereof, | **JURY DEMAND** |
| Defendants. | |

## I.  INTRODUCTION

1.1     Plaintiff Sharon Paskewitz ("Ms. Paskewitz"), by and through her attorneys of record, HKM Employment Attorneys LLP, requests damages, attorneys' fees, and costs for the wrongful conduct of her former employer, Volunteers of America Western Washington ("VOAWW"), and Phil Smith, collectively "Defendants." Defendants discriminated against Ms. Paskewitz on the basis of her race.

COMPLAINT FOR DAMAGES - 1

**HKM Employment Attorneys LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1.2     As a direct result of the Defendants' illegal actions, Plaintiff has suffered both economic and non-economic damages.

## II.  PARTIES

2.1     Plaintiff Sharon Paskewitz is a former employee of Volunteers of America Western Washington. At all times material hereto, Ms. Paskewitz was employed by Volunteers of America Western Washington.

2.2     Defendant Volunteers of America Western Washington is a Washington nonprofit public benefit corporation doing business in the counties of King, Snohomish, Skagit, and Whatcom, in the State of Washington.

2.3     Defendant Phil Smith is the President and CEO of Volunteers of America Western Washington. Upon information and belief, Mr. Smith resides in Everett, Snohomish County, Washington.

## III.  JURISDICTION AND VENUE

3.1     The Court has jurisdiction over this action because all or a substantial portion of the acts complained of herein occurred in Snohomish County, Washington.

3.2     At all times material to this action, Volunteers of America Western Washington conducted business within the State of Washington and within King, Snohomish, Skagit, and Whatcom counties.

3.3     Plaintiff filed a charge with both the Washington State Human Rights Commission and the United States Equal Employment Opportunity Commission (EEOC) on June 14, 2016. The EEOC issued a "Notice of Right to Sue" to Plaintiff on May 24, 2017.

COMPLAINT FOR DAMAGES - 2

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

3.4     Some of Plaintiff's claims arise under laws of the United States pursuant to 28 U.S.C. § 1331.

3.5     This action has been filed within the applicable statutory time periods.

3.6     Jurisdiction and venue are proper in this Court.

## IV.  FACTS

4.1     Plaintiff Sharon Paskewitz is a 55-year-old African-American female. Ms. Paskewitz began working for Defendant Volunteers of America Western Washington ("VOAWW") on September 6, 2006, as the Director of Basic Needs Services, which was comprised of the food banks, food bank distribution centers, and housing and transitional services. As the Director of Basic Needs Services, Ms. Paskewitz was responsible for the overall management of the programs, which included contract management, budget development/revision, program expansion, and community development/collaboration.  Ms. Paskewitz held several positions within VOAWW until she was constructively discharged in June 2016.

4.2     In January 2009, Defendant Phil Smith became the Chief Executive Officer (CEO) of VOAWW. At some point within Mr. Smith's first year as CEO, he made a comment to his then-Human Resources Director, Kelly Holderman, that he could not make Ms. Paskewitz "the face" of the agency. Ms. Paskewitz was the only African-American Director-level employee at VOAWW at the time. In July 2009, Mr. Smith reorganized the staffing and organizational structure of the Basic Needs Services program and divided it into two key program areas: one for housing services and one for food bank services. Ms. Paskewitz had a meeting with Mr. Smith, Ms. Holderman (HR), and Bill Humphries (Vice President for Food and Housing). During that meeting, Mr. Smith told Ms. Paskewitz that she could decide whether she wanted to be the Director of Housing Services or the

COMPLAINT FOR DAMAGES - 3

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

Director of Food Bank Services. A few days later, Mr. Smith called Ms. Paskewitz back to his office and informed her that he did not think it fair to ask her to choose which position she wanted without him telling her which position he thought she was better suited for. Mr. Smith then told Ms. Paskewitz that he felt that she was a better fit for the Director of Housing Services position. Ms. Paskewitz was renamed Director of Housing Services and was responsible primarily for the housing services program. In this position, Ms. Paskewitz's job responsibilities included the management of approximately 26 different contracts within the program, budget development/revisions, program expansion, and community development/collaboration. Mr. Smith believed that the Food Bank Services program was the "face" or the most visible part of VOAWW in the community. Mr. Smith's decision to place Ms. Paskewitz in charge of Housing Services rather than Food Bank Services was consistent with his previous comment about not wanting to make Ms. Paskewitz the "face" of VOAWW, which she would have been had she been selected as the Director of Food Bank Services.

4.3     In 2010, the Food Bank Director who was hired during the 2009 reorganization left. VOAWW posted a position for Director of Food Banks and Food Banks Distribution Centers. VOAWW selected Leann Christensen, a white female under the age of 40, for the position. Prior to receiving this promotion, Ms. Christensen was Ms. Paskewitz's subordinate.

4.4     In 2013, VOAWW again reorganized its staffing structure and created new positions for Senior Director and Director of Operations for each of its six core service areas. VOAWW posted the Senior Director positions internally within the organization. Ms. Paskewitz applied for the Senior Director of Basic Needs position, which would oversee both the housing and food bank services programs.  Despite Ms. Paskewitz's qualifications and experience managing these two

COMPLAINT FOR DAMAGES - 4

programs as the former Director of Basic Needs Services, and despite her years of service as a

program Director, VOAWW selected Ms. Christensen rather than Ms. Paskewitz for the position.

Ms. Paskewitz was stunned and shocked by this decision, as were several of her colleagues at the

time. Ms. Paskewitz was highly qualified for this position, and was certainly more qualified than Ms.

Christensen was.

      4.5     In June 2013, Ms. Paskewitz met with Alex Heart, VOAWW's Chief Program

Officer, and expressed concerns about how this decision was made, being that she had stronger skills

and more experience than Ms. Christensen.  Ms. Heart replied by saying that Ms. Christensen

interviewed better, and that Ms. Paskewitz should be happy because she (Ms. Paskewitz) was getting

a promotion to Director of Operations of Basic Needs Services.  After her discussion with Ms. Heart,

Ms. Paskewitz went to Kim Conant, VOAWW's Vice President of Human Resources, and expressed

her concern of race discrimination in the hiring process. Ms. Conant's response was, "Interesting."

No additional explanation or information regarding the hiring decision was given to Ms. Paskewitz.

The Director of Operations of Basic Needs Services position that Ms. Paskewitz received was not a

promotion. This position was subordinate to the Senior Director position that went to Ms.

Christensen instead of Ms. Paskewitz, and had the same job duties as the Director of Basic Needs

Services position that Ms. Paskewitz previously held. It also offered fewer leadership opportunities

than she had in previous positions.  Additionally, the Senior Director attended community meetings

on behalf of VOAWW and served as the public face or spokesperson for VOAWW. As a Director,

Ms. Paskewitz had no such opportunity, except when she filled in for the Senior Director when she

was on leave.

COMPLAINT FOR DAMAGES - 5

4.6     In 2015, VOAWW again changed its staffing structure and changed Ms. Christensen's title to Senior Director for Hunger Prevention. This change created an apparent vacancy for a Senior Director in the housing services program (the position that Ms. Paskewitz unsuccessfully applied for in 2013). VOAWW did not post this position internally and instead assigned Justin Krupa, then-Regional Vice President of Skagit and Whatcom Counties, to delegate 50 percent of his time to overseeing the housing services program as the Senior Director of Housing. Mr. Krupa is a white male who was under the age of 40 at the time of this decision. Mr. Krupa was less qualified than Ms. Paskewitz for this position given Ms. Paskewitz's years of knowledge and experience managing the housing services program. Ms. Paskewitz performed Senior Director-level work, but did not enjoy that title or the added responsibilities and opportunities that accompanied that position.

4.7     In April 2016, Mr. Krupa told Ms. Paskewitz that he was the full-time Senior Director of Housing. Ms. Paskewitz was also told by the Chief Financial Officer, Bruce Keller, to place Mr. Krupa in the homeless services budget as the Senior Director at 100%. When questioned how this position was to be paid for, Mr. Keller indicated that this decision came from Phil Smith.  Again, VOAWW did not post this position internally or give Ms. Paskewitz the opportunity to apply for it.

4.8     In June 2016, Ms. Paskewitz again raised concerns of race discrimination to Ms. Conant, citing specifically to VOAWW's failure to consider her for the Senior Director of Housing position. Ms. Paskewitz expressed frustration over the fact that she was not given the opportunity to apply for the Senior Director position, and that VOAWW had selected someone with less experience than her in this area for the position. Ms. Conant agreed that Mr. Krupa was less experienced for the position than Ms. Paskewitz was and said that VOAWW should have handled things differently. Ms.

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

Conant provided an explanation for the decision, but that explanation made no sense to Ms.

Paskewitz and was inconsistent with how VOAWW had handled similar Senior Director-level

staffing changes in the past.

4.9     During that same meeting, Ms. Paskewitz asked Ms. Conant what her options were

going forward. Ms. Conant was vague in her response. Ms. Paskewitz was then advised, for the first

time, that members of the Executive Team, including Phil Smith (CEO), Lori Drabant, and Bob

Reese (Executive Vice President), had "pigeon holed" her as a "black and white thinker" who is

incapable of thinking "outside of the box." Ms. Paskewitz disagreed with this assessment and offered

evidence of examples to the contrary. Ms. Paskewitz also questioned Ms. Conant on why she was

never given the opportunity before then to share her ideas and showcase her skills and abilities to the

Executive Team.

4.10    Frustrated by the discriminatory actions of VOAWW and the apparent lack of

opportunity for further career advancement within the organization, Ms. Paskewitz had no choice but

to resign. On June 9, 2016, Ms. Paskewitz accepted a position as Housing Director with the Samish

Indian Nation.

4.11    On June 13, 2016, Ms. Paskewitz gave VOAWW her official notice of resignation.

Ms. Paskewitz's last day of employment with VOAWW was June 30, 2016.

4.12    During Ms. Paskewitz's employment with VOAWW, there was a noticeable lack of

diversity among the executive and senior management-level employees. All of the executive-level

employees were white, and mostly male. All of the Senior Directors were white, as were the

Directors of Operations, with the one exception being Ms. Paskewitz.

COMPLAINT FOR DAMAGES - 7

4.13    Throughout her employment at VOAWW, Ms. Paskewitz was a competent and

dedicated employee with a strong work ethic and a commitment to the core mission of VOAWW.

She had no known performance issues and was well-regarded by many within VOAWW.

## V.  CAUSES OF ACTION

**A.**    **FIRST CAUSE OF ACTION – Violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000(e) et seq.**

5.1    Plaintiff realleges paragraphs 1.1 through 4.13 of the Complaint and hereby

incorporates the same by reference.

5.2    These facts demonstrate that Defendants discriminated against Plaintiff in violation of

42 U.S.C. §2000 *et seq.* by failing to promote her because of her race.

5.3    As a result of Defendants' discrimination, Plaintiff suffered damages including

damages for past and future wage and benefits loss, emotional pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life and other nonpecuniary losses, and attorneys' fees and costs.

**B.**    **SECOND CAUSE OF ACTION – Wrongful Discharge in Violation of Public Policy per RCW 51.48 et seq.**

5.4    Plaintiff realleges paragraphs 1.1 through 5.3 of the Complaint and hereby

incorporates the same by reference.

5.5    These facts demonstrate that Defendants wrongfully discharged Plaintiff in violation

of public policy.

5.6    As a result of Defendants' wrongful discharge, Plaintiff suffered damages including

past and future wage and benefits loss, emotional pain, suffering, inconvenience, mental anguish,

loss of enjoyment of life and other nonpecuniary losses, and attorneys' fees and costs.

COMPLAINT FOR DAMAGES - 8

## VI.   PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for relief as follows:

A.      Demands a trial by jury;

B.      Damages for back pay, front pay, lost benefits and medical expenses in an amount to be proven at trial;

C.      Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

D.      Punitive damages as allowed by federal law;

E.      Prejudgment interest in an amount to be proved at trial;

F.      Compensation for any tax penalty associated with a recovery;

G.      Reasonable attorney's fees and costs; and

H.      Whatever further and additional relief the court shall deem just and equitable.

DATED this 26th day of July, 2017.

HKM EMPLOYMENT ATTORNEYS LLP


*/s/ Patrick L. McGuigan*
Patrick L. McGuigan, WSBA No. 28897
*/s/ Erin S. Norgaard*
Erin S. Norgaard, WSBA No. 32789
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: (206) 838-2504
Facsimile: (206) 260-3055
E-mail: plmcguigan@hkm.com
        enorgaard@hkm.com
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - 9